IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles Anthony Austin, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Federal Bureau of Prisons; and )<br>Warden M. Mitchell, )<br>)<br>Respondents. )<br>) | Civil Action No. 6:09-485-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The petitioner was sentenced on November 30, 2006, to a 60-month term of imprisonment in the United States District Court for the Middle District of Georgia, for possession of a firearm during a drug trafficking crime (in violation of 18 U.S.C. § 924(c)). He is currently incarcerated at the Federal Correctional Institution ("FCI") Edgefield, South Carolina, and has a projected release date of June 26, 2011, via Good Conduct Time (GCT) release. The respondents are the Federal Bureau of Prisons ("BOP") and Mary M. Mitchell, Warden at FCI Edgefield.

The petitioner has filed this action challenging the BOP's determination that he is not eligible for the early release benefit for successfully completing the Residential Drug Abuse Program ("RDAP"). The respondents submit that the petitioner has properly exhausted his available remedies under the formal administrative remedy procedure established by the BOP in 28 CFR § 542.10.

The record reveals that on June 5, 2008, an interview was conducted regarding the petitioner's request to participate in the RDAP. It was determined that he met the admissions criteria for the RDAP and qualified to participate in the Residential program. On July 25, 2008, the petitioner was informed that although he qualified to participate in the RDAP and Residential program, he was not eligible for the early release incentive upon successful completion of the program because of his conviction for possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Despite the fact that the petitioner is precluded from early release, he decided to participate in the program.

On April 29, 2009, the respondents filed a motion to deny the petition. By order filed April 30, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on May 28, 2009.

**APPLICABLE LAW AND ANALYSIS**

As part of the Violent Crime Control and Law Enforcement Act ("VCCLEA") of 1994, Congress granted the Director of the BOP the discretion to grant early release to prisoners who successfully complete a residential drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B)2. In order to implement this Congressional grant of discretion, the BOP promulgated regulations that define the process for early release consideration and the categorical exercise of discretion to deny such consideration in certain situations. *See* 28

C.F.R. § 550.58. These regulations were initially promulgated in 1995 and were the subject of much litigation. In 1997, the BOP promulgated new regulations that excludes those inmates from eligibility for early release "whose current offense is a felony" that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." *See* 28 C.F.R. § 550.58(a)(1)(vi)(B).

The BOP adopted Program Statement No. 5162.04, "Categorization of Offenses" in October 1997 (resp. m. to deny petition, ex. 3, Program Statement 5162.04). This Program Statement includes a list of offenses that the agency considers to be "crimes of violence." Section 6 identifies "OFFENSES CATEGORIZED AS CRIMES OF VIOLENCE." *Id.* pp. 3-7. In section 6(a), the BOP lists a group of offenses that are crimes of violence in all cases. *Id.* One of these offenses is 18 U.S.C. § 924(c). *Id.*, p. 4. Thus, under Program Statement No. 5162.04, an inmate convicted of violating 18 U.S.C. § 924(c), such as the petitioner, was precluded from early release.

Three years later, on December 22, 2000, the BOP replaced the 1997 interim regulation found at 28 C.F.R. § 550.58 with a final regulation, which adopted the 1997 interim regulation without change. *See* 65 Fed. Reg. 80,745. The final regulation was effective as of December 22, 2000. *Id.* Effective March 16, 2009, the BOP adopted a new version of the regulation in issue, codified at 28 C.F.R. § 550.55, which largely mirrors the former version codified at § 550.58. Program Statement 5162.04 remained in effect until March 16, 2009. On March 16, 2009, Program Statement 5162.04 was rescinded and replaced with Program Statement 5162.05 (resp. m. to deny petition, ex. 4, Program Statement 5162.05). The reissuance of this policy updated the lists of statutory offenses. *Id.*

On June 5, 2008, an interview was conducted regarding the petitioner's request to participate in the RDAP (resp. m. to deny petition, ex. 5, Tammara Bryan decl. ¶4). It was determined that the petitioner met the admissions criteria for the RDAP and

qualified to participate in the residential program. *Id.* On July 25, 2008, the petitioner was informed that although he qualified to participate in the RDAP and residential program, he was not eligible for the early release incentive upon successful completion of the program. *Id.* ¶5. The petitioner was informed that he was not eligible for the early release provision of the RDAP because he was convicted of Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Id.* Thus, under Program Statement 5162.04, the BOP contends that the petitioner is precluded from the RDAP early release provision. *Id.* ¶8. Although the petitioner was told that he is precluded from early release, he decided to participate in the program, and it was anticipated that he would begin the program on June 1, 2009. *Id.* ¶9.

The petitioner's case is not ripe for adjudication. A court cannot decide a claim that is not ripe. *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-34 (1998). A claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580-581 (1985)). The Fourth Circuit has stated, that in order to determine whether the case is ripe, we "balance 'the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.'" *Franks v. Ross*, 313 F.3d 184, 194-95 (4th Cir. 2002) (quoting *Ohio Forestry Ass'n,* 523 U.S. at 733). A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties. *Charter Federal Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992). "The hardship prong is measured by the immediacy of the threat and the burden imposed on the [plaintiffs] who would be compelled to act under threat of enforcement of the challenged law." *Id.* at 208-09. "An issue is not fit for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. But if an issue is predominantly legal, not depending upon the potential occurrence

4

of factual events, it is more likely to be found ripe." *Retail Industry Leaders Ass' v. Fielder*, 475 F.3d 180, 188 (4th Cir. 2007)(citations and quotation marks omitted).

Where a litigant challenges a federal administrative regulation, which is the case here, the ripeness inquiry is more precise, consisting of two prongs. First, "[a] case is fit for judicial decision where the issues to be considered are purely legal ones and where the agency rule or action giving rise to the controversy is final and not dependent upon future uncertainties or intervening agency rulings." Second, there must be some "hardship [that] fall[s] to the parties upon withholding court consideration." *See Arch Mineral Corp. v. Babbitt*, 104 F.3d 660, 665 (4th Cir. 1997).

The RDAP is a rigorous long-term program for drug treatment with three separate and mandatory components: a unit-based treatment phase, consisting of six to twelve months (with a minimum of 500 hours) of treatment in a unit separate from the general prison population; an institution transition phase, consisting of treatment and participation for a minimum of one hour a month over a twelve-month period (when the inmate's sentence allows); and a community transitional phase, lasting up to six months when the inmate is transferred to a community corrections center. *See* 28 C.F.R. §§ 550.53, 550.56. As noted above, at the time the respondents' motion was filed, it was anticipated that the petitioner would begin the program on June 1, 2009.

The petitioner fails the first prong of the inquiry because, assuming he did start the program on June 1st, he is not yet a successful graduate of the treatment program, and his successful completion of the RDAP is not assured given the rigors of the program. Section 3621(e)(2)(B) establishes that a "prerequisite[]" to a sentence reduction is the "successful completion of [RDAP]." *Lopez v. Davis*, 531 U.S. 230, 239 (2001). Thus, before the BOP could exercise whatever discretion it may have to grant a sentence reduction, the petitioner must successfully complete the program. It is unknown to this court whether the petitioner started the program on June 1, 2009, as was anticipated at the

5

time of the filing of the respondents' motion. Certainly he is not yet a successful graduate given the time needed to complete the RDAP. Accordingly, any claim to early release is purely speculative, i.e. "dependent upon future uncertainties," *Arch Mineral*, 104 F.3d at 665, and therefore cannot form the basis of a true case or controversy. *Texas*, 523 U.S. at 300.

The petitioner also fails the second prong of the ripeness inquiry because there has not been, nor can there be, an "administrative decision [that] has been formalized and its effects felt in a concrete way by the challenging part[y]" unless and until the petitioner completes his drug treatment. He suffers no hardship by the withholding of a judicial decision on the BOP regulation at this time. *See Charter Federal Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).

Similarly, in *Holland v. Federal Bureau of Prisons*, C.A. No. 0:08-3960-HFF-PJG, 2009 WL 2872835 (D.S.C. Sept. 2, 2009), the Honorable Henry F. Floyd, United States District Judge, considered a federal prisoner's challenge to the BOP's determination that he was ineligible for early release if he successfully completed the RDAP. Judge Floyd, citing the respondents' brief in that case, found as follows:

> [Petitioner's] grounds for relief are not ripe because he has not successfully completed the [Residential Drug Abuse Program (RDAP) ], which is a prerequisite to being considered for early release or placement in community confinement for the maximum allowable period. [Petitioner's] eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), or maximum placement in community confinement under 42 U.S.C. §17541, are future contingencies. At this stage, the duration of [Petitioner's] imprisonment based on possible early release or maximum placement in community confinement is not a controversy. Accordingly, [Petitioner's] petition should be dismissed because it is not ripe for adjudication.

*Id.* at *1.  *See also Grace v. Federal Bureau of Prisons*, C.A. No. 4:08-2490-HFF-TER, 2009 WL 2413627 (D.S.C. Aug. 5, 2009).  Based upon the foregoing, the petitioner's case is not ripe for adjudication.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondents' motion to deny the habeas petition (doc. 12) be granted and that the petition be dismissed without prejudice.

s/William M. Catoe<br>
United States Magistrate Judge

September 30, 2009

Greenville, South Carolina