IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Anthony Austin, ) | |
| ) | C.A. No. 6:09-485-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Federal Bureau of Prisons; and Warden M. ) | |
| Mitchell, ) | |
| ) | |
| Respondents. ) | |

## FACTS

Petitioner Charles Anthony Austin is an inmate who is currently housed at the Federal Correctional Institution ("FCI") Edgefield, South Carolina, and has a projected release date of June 26, 2011. On November 30, 2006, Petitioner was sentenced to a 60-month term of imprisonment in the United States District Court for the Middle District of Georgia, for possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Petitioner requested that he be allowed to participate in the Residential Drug Abuse Program ("RDAP"), and on June 5, 2008 an interview was conducted. Petitioner was found to meet the criteria for admission into the RDAP program. On July 25, 2008, Petitioner was informed that he was ineligible for early release upon successful completion of the RDAP program under both 28 C.F.R. § 550.58 and Program Statement 5162.04 § 6(a) because he was convicted of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On February 27, 2009, Petitioner, appearing *pro se*, filed an action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus and challenging the BOP's determination that he is ineligible for early release upon successful completion of the RDAP. On April 29, 2009,

Respondents BOP and Mary M. Mitchell, Warden at FCI Edgefield, filed a motion to deny habeas, but conceded that Petitioner has properly exhausted his administrative remedies.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on April 30, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 28, 2009, Petitioner responded to the motion. According to Petitioner, he entered the RDAP program on June 1, 2009 despite being informed that upon successful completion he would not be eligible for early release.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge William M. Catoe for pretrial handling. On September 30, 2009, the Magistrate Judge filed a Report of Magistrate Judge recommending that Respondents' motion to deny habeas be granted and that the petition be dismissed without prejudice. The Magistrate Judge found that Petitioner's case is not ripe for adjudication. Petitioner filed objections to the Report of Magistrate Judge on October 15, 2009.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

---

[1] Petitioner has appealed the Bureau of Prison's ("BOP's") determination to the BOP Office of General Counsel.

**I.      Introduction**

The Magistrate Judge found the case not ripe for review because: (1) Petitioner is not yet a successful graduate of the treatment program, which is a prerequisite to the BOP's exercise of discretion in authorizing a sentence reduction; and (2) there cannot be a formal administrative decision, the effects of which are felt in a concrete way by Petitioner, until Petitioner completes his drug treatment. Petitioner asserts that: (1) he is entitled to consideration for early release because he did not commit a crime of violence, and (2) this case is ripe for adjudication because "BOP frequently provides a conditional discharge date for such issues as [Good Conduct Time] or RDAP." The court agrees with Petitioner that the case is ripe for consideration. However, the court disagrees with Petitioner that he did not commit a crime of violence.

**II.     Ripeness**

The court first addresses the ripeness issue. A court cannot decide a claim that is not ripe for adjudication. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 807-08 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967); *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-33 (1998)).

In *Abbot Laboratories v. Gardner*, the Supreme Court set out a two-part test for determining whether administrative action is ripe for judicial review. Pursuant to *Abbot Labs*, courts must evaluate: (1) the fitness of the issues for judicial decision and (2) the hardship to the

parties of withholding court consideration. *Abbott Labs.*, 387 U.S. at 149. The Fourth Circuit has interpreted the first prong of the *Abbott Labs* test to mean that a case is fit for judicial decision where the issues to be considered are "purely legal ones" and where the agency rule or action giving rise to the controversy is "final and not dependent upon future uncertainties or intervening agency rulings." *Arch Mineral Corp. v. Babbitt*, 104 F.3d 660, 665 (4th Cir. 1997); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985)). The Fourth Circuit has indicated that for the second prong of the *Abbott Labs* test to be met, there must be "an administrative decision [that] has been formalized and its effects felt in a concrete way by the challenging parties." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992). The second prong is measured by the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law. *Id.* at 208.

Title 8 United States Code Section 3621(e)(2)(B) provides that: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added). In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court recognized that this statute denies early release eligibility to inmates convicted of violent offenses. *Id.* at 239. The Court also recognized that the statute gives the BOP the discretion to reduce or not reduce an inmate's term of imprisonment *if* the inmate meets the prerequisites for sentence reduction, which are conviction of a nonviolent offense and completion of a drug treatment program. *See id.* at 241 (emphasis

4

added). The BOP's categorical determination that inmates whose current offense is a felony involving a firearm are ineligible for sentence reduction under § 3621(e)(2)(B) is, for all practical purposes, final and not contingent upon Petitioner's completion of the RDAP program. Thus, the court finds that Petitioner meets the first prong of the *Abbott* test.

As for the second prong of the *Abbott* test, the court finds that Petitioner will suffer a significant hardship if the court withholds consideration at this time. The court recognizes that the BOP's decision is essentially final. If Petitioner's case is dismissed and Petitioner is forced to wait until his successful completion of the RDAP program to contest the BOP's decision, any judgment on the merits may well come too late to provide redress.[2] This is a significant burden on Petitioner. As such, this court will proceed to a decision on the merits.

**III. The Validity of the BOP's Determination**

The court reads Petitioner's filings to argue that: 1) the BOP cannot, pursuant to 18 U.S.C. § 3621(e)(2)(B), categorically determine that certain groups of inmates who may meet the prerequisites for early release under § 3621(e)(2)(B) are ineligible for such early release, and 2) the BOP has improperly categorized § 924(c) as a violent crime for purposes of § 3621(E)(2)(B). The court notes that Petitioner has raised no issues of fact and that the court can decide these issues as a matter of law.

    A.    <u>Background</u>

In the Violent Crime Control and Law Enforcement Act ("VCCLEA") of 1994, Congress

---

[2] RDAP is a long-term program for drug treatment, which can last up to two and a half years. RDAP has three separate components: 1) a unit-based treatment phase, consisting of six to twelve months (with a minimum of 500 hours) of treatment in a unit separate from the general prison population; 2) an institution transitional phase, consisting of treatment and participation for a minimum of one hour per month over a period of twelve months (when the inmate's sentence allows); and 3) a community transitional phase, lasting up to six months. *See* 28 C.F.R. § 550.56.

granted the Director of the BOP discretion to grant early release to inmates convicted of nonviolent offenses who successfully complete a residential drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). The BOP has promulgated regulations to implement this Congressional grant of discretion. *See* 28 C.F.R. §§ 550.50 *et seq*. These regulations define the process for early release consideration and the categorical exercise of discretion to deny such early release in certain situations. *Id.*

These regulations were originally promulgated in 1995. In 1997, the BOP promulgated new regulations. The 1997 regulations provided that as an exercise of the discretion of the Director of BOP under § 3621(e)(2)(B), certain categories of inmates, including inmates whose current offense is a felony that involved the carrying, possession, or use, of a firearm or other dangerous weapon, were not eligible for early release. 28 C.F.R. § 550.58 (a). In October of 1997, the BOP adopted Program Statement No. 5162.04, "Categorization of Offenses," which included a list of offenses that the agency considered to be "crimes of violence." Section 6(a) of this program statement identifies 18 U.S.C. § 924(c) as a crime of violence in all cases. This categorization means that an inmate convicted of violating § 924(c) is, according to the BOP, precluded from early release under § 3621(e)(2)(B). In the case of *Lopez v. Davis*, the Supreme Court directly addressed the issue of whether the 1997 regulations were permissible. *See Lopez v. Davis*, 531 U.S. 230, 238 (2001). The Court presented the issue of the case as "whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." *Id.* The Court held that this was a valid exercise of the BOP's discretion *Id.* at 242, 244.

B.  Validity of Section 550.55

The first issue the court must address is whether § 550.55 is a valid use of the BOP's discretion under § 3621(e)(2)(B). Under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), if Congress has not spoken directly to the precise interpretation of a statutory provision administered by an agency, a reviewing court will give the agency's regulations "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute," so long as the agency's interpretation is reasonable. *See McDaniels v. United States*, 300 F.3d 407, 411 (4th Cir. 2002) (citing *Chevron*, 467 U.S. at 842). The *Chevron* standard is the recognized standard for reviewing the BOP's regulations. *Lopez*, 531 U.S. at 242. Similarly, the Administrative Procedure Act § 706(2)(A) authorizes a court to "set aside agency action, findings, and conclusions found to be . . . abritrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Section 706(2)(A) requires an agency to "cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 48 (1983). Under Fourth Circuit precedent, courts can uphold an agency decision of "less than ideal clarity if the agency's path may reasonably be discerned." *1000 Friends of Maryland v. Browner*, 265 F.3d 216, 238 (4th Cir. 2001) (citation omitted).

In *Lopez*, the Supreme Court found that Congress has not directly addressed in § 3621(e)(2)(B) how the BOP should go about exercising its discretion. 531 U.S. at 242. The *Lopez* Court concluded that the BOP had not abused its discretion in promulgating the 1997 regulation previously codified at 28 C.F.R. § 550.58 because the BOP reasonably concluded that inmates who possessed a firearm in connection with the commission of a felony displayed

7

readiness to resort to life-endangering violence. *Lopez*, 531 U.S. at 244.

As of March 16, 2009, the BOP adopted a new version of this regulation, 28 C.F.R. § 550.55, and an updated Program Statement, Number 5162.05, which continues to list § 924(c) as a crime of violence in all cases. *See* Program Statement No. 5162.05. Section 550.55 is, in all respects relevant to this case, identical to the former version codified at § 550.58. *See Hicks v. Fed. Bur. of Prisons*, 603 F. Supp. 2d 835, 839 n.3 (D.S.C. 2009).

In promulgating § 550.55, the BOP indicated that it excluded inmates convicted of offenses involving carrying, possession, or use of a firearm from early release consideration because these inmates pose a risk to the public. The BOP specifically stated:

> Under 18 U.S.C. § 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release

consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

The *Lopez* court's holding that the BOP did not abuse its discretion in promulgating § 550.58 and the BOP's rationale for § 550.55 support the conclusion that the disqualification of inmates convicted of offenses involving carrying, possession, or use of a firearm from early release consideration is a reasonable interpretation of § 3621(e)(2)(B) and has been sufficiently explained by the BOP. The court thus finds that § 550.55 is a valid exercise of the BOP's discretion under § 3621(e)(2)(B).

C. Validity of Program Statement 5162.05

The second issue the court must address is whether Program Statement 5162.05 improperly categorizes convictions under § 924(c) as violent crimes in all cases. Section 3621(e)(2)(B) and § 550.55 both fail to define "nonviolent offense." However, Program Statement 5162.05 § 3(a) designates certain offenses as "Crimes of Violence in all Cases." Program Statement 5162.05 § 3(a); *see also Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2001) (finding that section 6 of Program Statement 5162.04 provides a the definition for a "crime of violence," which is missing from § 3621(e)(2)(B) and § 550.58). An inmate convicted of one of these designated offenses is ineligible for early release under the RDAP program. *See* Program Statement 5162.05 § 3(a). Petitioner's offense, possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), is listed in Program Statement 5162.05 § 3(a) as a crime

9

of violence in all cases. Thus, the court must decide whether the BOP's listing of Petitioner's offense as a "crime of violence in all cases" is consistent with Congress's mandate that only inmates convicted of nonviolent offenses are eligible for early release under § 3621(e)(2)(B).

The Fourth Circuit has ruled that the BOP's Program Statements are internal agency guidelines that are entitled to respect under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *See Cunningham*, 259 F.3d at 306. Under *Skidmore*, an agency interpretation is given respect based upon its power to persuade. *Id.* Courts are to consider (1) the body of experience of the agency, (2) the thoroughness of the agency's consideration, (3) the validity of the agency's reasoning, (4) the interpretation's consistency with earlier and later pronouncements, and (5) all other factors which give the internal guideline power to persuade. *Id.* at 306-07.

Petitioner argues that BOP cannot classify § 924(c) as a crime of violence in all cases because that crime does not fit the definition of "crime of violence" in Section 2L1.2(B)(iii) of the United States Sentencing Guidelines or the definition of this term in 18 U.S.C. § 16. Section 2L1.2(B)(iii) of the Sentencing Guidelines provides:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Section 16 of Title 18, provides:

The term "crime of violence" means-

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Petitioner argues that since he did not receive a sentence enhancement for either discharging or brandishing a firearm, he did not commit a crime of violence. However, in *Cunningham*, the Fourth Circuit stated that the BOP is "not required to define a 'nonviolent' offense as one that is not a 'crime of violence,'" and concluded that Congress did not intend to equate "nonviolent offense" with an offense that is not a "crime of violence." 259 F.3d at 307. Thus, since U.S.S.G. § 2L1.2(B)(iii) only provides a definition of "crime of violence," the BOP cannot be required to conform to this definition in interpreting what is meant by a "nonviolent offense" as that term is used in § 3621(e)(2)(B). *Cunningham*, 259 F.3d at 307.

In *Cunningham*, the court found that the BOP's former Program Statement 5162.04, which also listed convictions under § 924(c) as crimes of violence in all cases, was entitled to respect in part because the BOP has accumulated experience that allows it to make "informed decisions about penological objectives, including punishment and rehabilitation." 259 F.3d at 308. This finding holds true in this case as well. In addition, the court finds that the BOP's decision to classify possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) as a crime of violence in all cases is supported by sound reasoning. The BOP's judgment that possessing a firearm during a drug trafficking crime does not fall within the term "nonviolent offense" is consistent with the accepted meaning of the term "nonviolent offense." *See Cunningham*, 259 F.3d at 309. This is because a "violent" offense includes one that is "characterized by the doing of harm or injury" and the possession of a firearm during a drug trafficking crime involves a significant risk that another person will be placed in danger of death

or bodily injury." *See id.*

In addition, the BOP has been consistent in its position that a conviction under § 924(c) is a crime of violence in all cases. *See* Program Statement 5162.04 § 6(a); *cf.* Program Statement 5162.05 § 3(a). Thus, the court holds that the BOP's decision to classify Petitioner's crime as a "crime of violence in all cases" and preclude consideration for early release is a proper exercise of the BOP's discretion.

## CONCLUSION

Petitioner has failed to show that he is entitled to relief based on 28 U.S.C. § 2241. Based on the forgoing, the court **grants** Respondents' motion to deny the habeas petition (Entry 12). Petitioner's § 2241 petition is dismissed with prejudice. The court declines to adopt the Report of Magistrate Judge.

**IT IS SO ORDERED.**

                                        s/ Margaret B. Seymour
                                        The Honorable Margaret B. Seymour
                                        United States District Judge

January 26, 2010
Columbia, South Carolina